# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 20, 2000 Session

## STATE OF TENNESSEE v. BOBBY GARNER

**Appeal as of Right from the Criminal Court for Montgomery County**
**No. 40078     Robert W. Wedemeyer, Judge**

---

**No. M1999-01427-CCA-R3-CD - Filed November 9, 2000**

---

Following a Montgomery County Grand Jury indictment, Bobby Garner, the defendant and appellant, pled guilty to one count of aggravated burglary and one count of theft of property over one-thousand dollars. After a sentencing hearing, the trial court sentenced the defendant to serve five years for aggravated burglary and three years for theft. The trial court ordered the defendant to serve the sentences consecutively. On appeal, the defendant argues (1) that the sentences imposed were excessive, (2) that he should have been sentenced alternatively, and (3) that consecutive sentences were inappropriate. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court of Montgomery County is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and JOHN EVERETT WILLIAMS, JJ., joined.

Charles S. Bloodworth, Assistant Public Defender, Clarksville, Tennessee, for the appellant, Bobby Garner.

Paul G. Summers, Attorney General & Reporter, Jennifer L. Bledsoe, Assistant Attorney General and John Carney, District Attorney General, James B. Crenshaw, Assistant District Attorney, attorneys for the appellee, State of Tennessee.

## OPINION

### Factual Background

The defendant broke into a house belonging to his parents-in-law where he stole jewelry and cash. The defendant was indicted for one count each of aggravated burglary and theft over one-thousand dollars. After the defendant pled guilty to the charges, the trial court held a sentencing hearing. A presentence report, prepared by a probation officer, was made an exhibit to that hearing. The presentence report contained excerpts from a written victim impact statement prepared by Hella Lindsay, the victim. The presentence report quotes the victim impact statement as follows:

According to Ms. Hella Lindsay[,] Defendant was fired from Trane Company due to not passing a drug test. She also stated "the drugs have taken over his life to the extent that he put his two small sons in danger while he made a pick-up. Drugs are his life. He will not change. His only thought is to get more drugs, no matter what it takes."

Ms. Lindsay's written statement also contained the following recommendation: "I request that [the defendant] be given the maximum prison sentences the crimes . . . allow. That should be at least thirty years without the possibility of parole." The presentence report also contained a factual summary of the defendant's history of drug use. The summary, taken verbatim from a letter written by the defendant's wife, reads as follows:

Army sent him to Cumberland Hall. Few days later on drugs again. Army sent [him] to Clarksville Memorial then on to Eisenhower RTF program. When completed was on drugs within one month. Sent back to Eisenhower after attempted overdose. Was returned from Eisenhower with diagnosis of no hope to ever get off drugs.
. . . .
October – Life Center for six months. Five days into he admitted to doing drugs, received five days suspension, and re-entered. December – admitted to drug use again, was in direct violation. Instead of being sent to jail [, the defendant] was sent by Life Center to Florida. Stayed on the run and evaded authorities until twenty-sixth of January. The Public Defender made a deal and got him into mission acres.

At the sentencing hearing, Ms. Lindsay was the state's only witness. Ms. Lindsay's testimony was similar to her victim impact statement:

I'd like to see Mr. Garner to go to jail for the rest of his life. Because he has put us through so much misery. Not just myself. Also my daughter. My daughter has two children from him. He has not paid a penny since he's out of rehab or anything. He's a free loafer. He is no good. As far as I care, he can rot in jail.

The defendant also testified at the hearing. He explained that he had been convicted of two misdemeanors before committing the crimes in this case, and that he received probation for the prior crimes. He also admitted that he did not successfully complete that probation, and that the probation was extended in order to give him more "time to pay." The defendant testified that he was still serving probation when he committed the crimes in this case. The defendant claimed that all of his criminal history, including the present case, were due to his drug problems. He also testified that, after he was arrested for the present charges, he successfully completed a drug rehabilitation program. Following his release from the drug rehabilitation program, the defendant pled guilty to these charges. After his guilty plea, however, the defendant failed to appear at his sentencing hearing, and he was arrested. The defendant told the court that his failure to appear was merely an oversight.

In imposing the defendant's sentence, the trial court found the existence of three statutory enhancement factors: (1) that the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); (2) that the defendant had a previous history of unwillingness to comply with the conditions of release into the community, Id. § 40-35-114(8); and (3) that the defendant abused a position of private trust. Id. § 40-35-114(15). The trial court then found the following mitigating factors: (1) that the defendant's conduct neither caused nor threatened serious bodily injury, Id. § 40-35-113(1); (2) that the defendant completed a drug rehabilitation program, Id., § 40-35-113(13); and (3) that the defendant entered an open guilty plea, saving the time and expense of a trial. Id. As a result, the trial court sentenced the defendant to serve five years for aggravated burglary and three years for theft.

The trial court further determined that consecutive sentencing was appropriate under Tenn. Code Ann. § 40-35-115. Specifically, the court found that the appellant committed the present offenses while on probation. Tenn. Code Ann. § 40-35-115(b)(6). Thus, the trial court imposed an effective eight-year sentence. Finally, the trial court denied the defendant alternative sentencing and ordered the defendant to serve his sentence in the Tennessee Department of Corrections.

## Standard of Review

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

## Length of Sentences

First, the defendant complains that the trial court erroneously found that the defendant abused a position of private trust.[1] He argues that the evidence used to establish this enhancement factor, i.e., the victim impact statement and the victim's testimony, were irrelevant and prejudicial. He further claims that the evidence did not establish any position of private trust.

---

[1] Tenn. Code Ann. § 40-35-114(15) states: "The defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense."

A.

Initially, we note that the trial court's consideration of the victim impact statements was appropriate. The Tennessee Code specifically allows trial courts to consider a statement from a victim or an immediate family member of a crime victim; such statements are subject only to the limitations that the statement must be reliable and that the defendant has a fair opportunity to rebut the statement. Tenn. Code Ann. §§ 40-35-209(b); 40-38-203(1); State v. Moss, 13 S.W.3d 374, 386 (Tenn. Crim. App. 1999). Furthermore, the Legislature has clearly expressed a desire that those statements be as comprehensive as possible; the statement should address "financial, emotional, and physical effects of the crime . . . and specific information about the victim, the circumstances surrounding the crime, and the manner in which it was perpetrated." Tenn. Code Ann. § 40-38-203(2). In this case, the statements were made by the defendant's ex-wife and his ex-mother-in-law. Although the trial court did not specifically find the statements to be reliable, we have no reason to doubt their veracity, because the sentencing report, prepared by a probation officer, verified their source. Compare Moss, 13 S.W.3d at 386 (finding that numerous unsigned letters were improperly considered by the trial court). Especially where, as here, the sentencing hearing was in front of a judge, not a jury, we are disinclined to find that the evidence should have been excluded.

B.

We cannot agree, however, that the defendant abused a position of private trust. Tenn. Code Ann. § 40-35-114(15). The Tennessee Supreme Court has held

[t]he determination of the existence of a position of trust does not depend on the length or formality of the relationship, but upon the nature of the relationship. Thus, the court should look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith. If the evidence supports that finding, then the court must determine whether the position occupied was abused by the commission of the offense.

State v. Kissinger, 922 S.W.2d 482, 488 (Tenn. 1996). Recently addressing this issue, the Tennessee Supreme Court held that the enhancement factor was only appropriate where the evidence showed "[a] relationship which promotes confidence, reliability, or faith usually includes a degree of vulnerability. It is the exploitation of this vulnerability to achieve criminal purposes which is deemed more blameworthy and thus justifies application of the enhancement factor . . . ." State v. Gutierrez, 5 S.W.3d 641, 646 (Tenn. 1999); see also State v. Blackstock, — S.W.3d — (Tenn. 2000).

Here, the defendant was married to the victims' daughter at the time of the burglary. Beyond the familial relation, however, there is no evidence in this small record that shows a relationship that promotes confidence, reliability, or faith that created a vulnerability on the part of the victims. To the contrary, the victim testified that she completely lacked any confidence or faith in the defendant. Indeed, she thought that the defendant was no good and was a drug addict. Furthermore, the only evidence that the defendant exploited the relationship was the victim's testimony that "he knew we were out of town" and the defendant's testimony that he knew where the jewels were. We do not find this sufficient to support the imposition of this factor.

-4-

C.

Nonetheless, we find the length of the defendant's sentences appropriate. If no mitigating or enhancement factors for sentencing are present, the presumptive sentence shall be the minimum sentence within the applicable range. Tenn. Code Ann. § 40-35-210(c). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986).

In this case, the defendant pled guilty to aggravated burglary and theft of property over one-thousand dollars. Tenn. Code Ann. §§ 39-14-403, 39-14-103. The sentencing range for aggravated robbery was between three and six years, and the presumptive sentence was three years. Id. § 40-35-112(a)(3). The sentencing range for theft over one-thousand dollars was between two and four years, and the presumptive sentence was two years. Id. § 40-35-112(a)(4). Thus, the trial court's sentence of five years for the aggravated burglary was slightly greater than the midpoint of the range, while the three-year sentence for theft was exactly the midpoint in the range. After giving due consideration to the mitigating factors and to the enhancement factors which were properly applied, we find the length of the defendant's sentences appropriate.

**Alternative Sentencing**

Next, the defendant challenges the trial court's denial of alternative sentencing. He argues that the state did not overcome the presumption that the defendant was entitled to alternative sentencing. The Tennessee Criminal Sentencing Reform Act of 1989 recognizes the limited capacity of state prisons and mandates that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts of rehabilitation shall be given first priority regarding sentencing involving incarceration." Tenn. Code Ann. § 40-35-102(5). A defendant who does not qualify as such and who is an especially mitigated or standard offender of a Class C, D, or E felony is "presumed to be a favorable candidate for sentencing options in the absence of evidence to the contrary." Id. § 40-35-102(6); Ashby, 823 S.W.2d at 169. However, this presumption may be rebutted by evidence to the contrary. Such evidence may include the following sentencing considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). In this case, the defendant was convicted of theft of property over one-thousand dollars, a Class D felony, and aggravated burglary, a Class C felony, and sentenced as a standard, Range I offender.

Even assuming that the defendant was entitled to the presumption in favor of alternative sentencing, however, we find that the presumption was rebutted. As the trial court noted, "[m]easures less restrictive than confinement have recently been applied unsuccessfully to this defendant." See Tenn. Code Ann. § 40-35-103(1)(C). The evidence adduced at the sentencing hearing proved that the defendant was on probation when he committed the instant offenses, and that he had violated probation in the past. We find this sufficient to support a sentence of confinement.[2] See State v. Elam, 7 S.W.3d 103, 107-108 (Tenn. Crim. App. 1999).
This issue is without merit.

## Consecutive Sentences

Next, the defendant complains that the trial court erred by ordering consecutive sentences. Consecutive sentencing is governed by Tenn. Code Ann. § 40-35-115. A trial court may order sentences to run consecutively if it finds that one or more of the statutory criteria exists by a preponderance of the evidence. Tenn. Code Ann. § 40-35-115(b); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Under Tenn. Code Ann. § 40-35-115(b)(6), a trial court may impose consecutive sentences after determining that the appellant committed the offenses while on probation for another offense. It is undisputed that the appellant committed the present offenses while he was on probation. Thus, the trial court's imposition of consecutive sentences was proper.
This issue is without merit.

Accordingly, The judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

---

[2] The trial court also held that a sentence of confinement was necessary to avoid depreciating the seriousness of the offense, and that the sentence was particularly suited to provide an effective deterrence to others likely to commit similar crimes. See Tenn. Code Ann. § 40-35-103(1)(B). Although the record does not support a denial of alternative sentencing based solely on a need for deterrence, see State v. Hooper, --- S.W.3d --- (Tenn. 2000), this is of no consequence, because measures less restrictive than confinement had recently been applied unsuccessfully to the defendant, as noted above.